**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HECTOR PALMAS-BARILLAS, | : | |
| Petitioner | : | No. 1:23-cv-01070 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| WARDEN BARAZZA, | : | |
| Respondent | : | |

**MEMORANDUM**

Presently before the Court is pro se Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons set forth below, the Court will dismiss the petition as moot.

**I.      BACKGROUND**

Pro se Petitioner Hector Palmas-Barillas ("Palmas-Barillas") commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which the Clerk of Court docketed on June 27, 2023.  (Doc. No. 1.)  In the petition, Palmas-Barillas asserted that the Federal Bureau of Prisons ("BOP") had improperly taken away time credits he earned under the First Step Act ("FSA") towards his release to a halfway house once his order of removal became final.  (Id. at 1–2, 4.)  For relief, he sought to have his FSA credits restored.  (Id. at 4.)

Palmas-Barillas neither remitted the filing fee nor applied for leave to proceed in forma pauperis when he submitted his habeas petition; as such, an Administrative Order issued requiring him to either pay the fee or seek leave to proceed in forma pauperis.  (Doc. No. 3.)  Palmas-Barillas timely complied with the Administrative Order by remitting the filing fee on July 6, 2023.  (Unnumbered Docket Entry Between Doc. Nos. 5 and 6.)  On the same date, Palmas-Barillas filed a supplement to his habeas petition along with separately docketed exhibits.  (Doc. Nos. 4, 5.)

The Court issued an Order on July 18, 2023, which, inter alia, directed Respondent to file a response to the habeas petition.  (Doc. No. 6.)  Respondent timely complied with this Order by filing a response in opposition to the petition on August 4, 2023.  (Doc. No. 8.)  Palmas-Barillas later filed a reply brief in further support of his habeas petition on November 14, 2023.  (Doc. No. 13.)

On March 5, 2024, Respondent filed a suggestion that Palmas-Barillas's habeas petition was moot because he was released from BOP incarceration on February 1, 2024.  (Doc. No. 15.)  The following day, the Court issued an Order directing Palmas-Barillas to respond to Respondent's suggestion of mootness.  (Doc. No. 16.)  The Clerk of Court mailed a copy of this Order to Palmas-Barillas, but it was returned as undeliverable due to his release from incarceration.  (Doc. No. 17.)  To date, Palmas-Barillas has not responded to the Court's Order.

## II.    DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'"  Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009)).  "For a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'"  Id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)).  Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."  See id. (citing DeFoy, 393 F.3d at 441); see also Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (explaining that mootness is "a doctrine that 'ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit,' and

which is 'concerned with the court's ability to grant effective relief'" (quoting <u>Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.</u>, 832 F.3d 469, 476 (3d Cir. 2016) and <u>County of Morris v. Nationalist Movement</u>, 273 F.3d 527, 533 (3d Cir. 2001))).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that [they] continue[] to suffer from secondary or collateral consequences of [their] conviction." <u>See Abreu</u>, 971 F.3d at 406 (citations omitted). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking [their] conviction while still serving the sentence imposed for that conviction [and] . . . where the[y are] attacking that portion of [their] sentence that is still being served." <u>See id.</u> (citing <u>United States v. Jackson</u>, 523 F.3d 234, 242 (3d Cir. 2008)). Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." <u>See Abreu</u>, 971 F.3d at 406 (citing <u>Burkey v. Marberry</u>, 556 F.3d 142, 148 (3d Cir. 2009)). Instead, the Court "must 'address[] the issue of collateral consequences in terms of the "likelihood" that a favorable decision would redress the injury or wrong.'" <u>See id.</u> (quoting <u>Burkey</u>, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" <u>See id.</u> (quoting <u>Burkey</u>, 556 F.3d at 148).

In this case, Palmas-Barillas is not currently incarcerated. As such, the instant petition is generally moot due to his release from BOP incarceration. Although Palmas-Barillas could still obtain judicial review of his federal sentence if he showed that he continued to suffer from secondary or collateral consequences of his conviction, he has failed to make such a showing by responding to the Court's Order. Accordingly, the Court concludes that Palmas-Barillas's Section 2241 petition is moot.

**III.    CONCLUSION**

Accordingly, for the foregoing reasons, the Court will dismiss Palmas-Barillas's Section

2241 petition as moot.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
